UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORAM J. ARIS,

                   Plaintiff,

-against-

NEW YORK GUARD, et al.,

                   Defendants.

1:22-cv-05019 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff Joram J. Aris ("Plaintiff"), proceeding *pro se*, brings this employment action against the New York Guard (the "Guard"), the New York State Division of Military and Naval Affairs (the "DMNA"), the State of New York, Adjutant General Raymond F. Shields (the "Adjutant General"), and New York State Governor Kathy Hochul (the "Governor," and collectively, "Defendants"). *See* ECF No. 1 ("Compl."). Now before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on several grounds, including that the Complaint is barred by intra-military immunity and the Eleventh Amendment. *See* ECF Nos. 19 ("Mot."), 20 ("Br."). For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

**BACKGROUND**

      Plaintiff is "a Jewish soldier born in Israel" who has served for "almost 20 years in the New York Guard." Compl. at 9.[1] Plaintiff alleges, on information and belief, that the Guard "has discriminated against [him] by unfairly and unequally treating [him] in various matters and fields because of their displeasure, negative bias, anti-semitic predilections based" on his

---

[1] Citations to Plaintiff's submissions use the ECF-generated page numbers.

religion, national origin, and age. *Id.* at 8. Plaintiff alleges that Defendants promoted other personnel in the Guard "in violation of NYG Directive 1305 (Promotions)" but did not promote Plaintiff who was equally qualified. *Id.* at 8, 11; *see* ECF No. 25 ("Opp.") at 48. He similarly alleges that Defendants allowed other personnel to earn certain qualifications even as they denied Plaintiff an opportunity to earn the same qualifications. Compl. at 9. This conduct had the effect of removing "potential competition in the higher ranks" of the Guard. *Id.* at 9. Plaintiff further alleges that a colonel, Mark Sarro, who is not a defendant in this case, "created 'a hostile work environment' over almost 20 years' time" by "always ha[ving] something negative to say" and having a "leadership methodology [that Plaintiff] would not countenance." *Id.* at 18. Plaintiff does not specify when the alleged conduct occurred.

In addition to serving in the Guard, Plaintiff is "a formerly self-employed solo attorney." *Id.* at 27. He alleges that he "took time out" of his law practice to serve in the Guard and, as a result, he "missed a deadline" to file an answer in a lawsuit commenced against him by a former client. *Id.* at 25. A judgment was subsequently entered against Plaintiff in favor of his former client, and Plaintiff lost his license to practice law in New York. *Id.* at 27.

Plaintiff filed his Complaint on June 15, 2022. *See generally id*. Plaintiff asserts employment claims under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"), the New York State Human Rights Law §§ 290 to 297 ("NYSHRL"), and the New York City Human Rights Law, §§ 8-101 to 131 ("NYCHRL") against all Defendants. *Id*. at 4-5. Plaintiff does not specify whether the Governor and Adjutant General are named in their official and/or personal capacities. Plaintiff appears to claim that, on the basis of his age and national origin, Defendants terminated his employment, did not promote him, provided him with terms and

conditions of employment different from those of similar employees, retaliated against him, and harassed him or created a hostile work environment during his time in the Guard. *See id.* at 6. The Complaint seeks the following relief: (i) promotion of Plaintiff to the rank of colonel; (ii) the approval and receipt of two "NYS Medals of Valor"; (iii) the promotion, submission, and approval of "proposed Legislation drafted by Plaintiff and e-mailed to" the New York State Assembly; (iv) ten million dollars in damages; (v) "[d]ismissal of and [s]triking [o]ut the [m]oney [j]udgment obtained by [Plaintiff's] former client against [him]"; (vi) reinstatement of Plaintiff's New York law license; and (vii) costs incurred in this action. *Id.* at 28-29.

On January 17, 2023, Defendants moved to dismiss the Complaint. *See* Mot.; Br. On January 18, 2023, the Court issued an order requiring Plaintiff to respond to the motion by February 14, 2023. *See* ECF No. 21. On February 10, 2023, the Court granted Plaintiff an extension of time to respond until May 15, 2023. ECF No. 23. Having received no response from Plaintiff, on May 23, 2023, the Court *sua sponte* extended Plaintiff's deadline again to June 6, 2023. ECF No. 24. On May 30, 2023, the Court received Plaintiff's opposition, which is dated May 15, 2023. *See* Opp. Plaintiff's opposition is a sprawling 184-page document, consisting of an 89-page affidavit in opposition and nearly 100 pages of exhibits. *See id.* Defendants filed their reply brief on June 26, 2023. ECF No. 30 ("Reply"). Defendants' motion is now fully briefed for the Court.

## LEGAL STANDARD

A case is properly dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002). The "court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the

3

evidence that it exists." *Id.* "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009)). The Court draws all reasonable inferences in the plaintiff's favor, and accepts as true all non-conclusory allegations of fact. *Id.* However, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and more than "facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Generally, submissions from *pro se* litigants "are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, when a former attorney proceeds *pro se*, as Plaintiff has done, they are "not entitled to the special solicitude usually granted to *pro se* litigants." *Zappin v. Schorr*, No. 22-cv-02034 (ER), 2023 WL 2601578, at *8 (S.D.N.Y. Mar. 22, 2023); *see Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all."); *Bertucci v. Brown*, 663 F. Supp. 447, 449 (E.D.N.Y. 1987) ("Although *pro se* complaints are held to less exacting standards than pleadings drafted by lawyers . . . plaintiff was a former attorney and is therefore not entitled to the considerations accorded a typical *pro se* plaintiff.").

4

## DISCUSSION

Defendants seek dismissal under Rules 12(b)(1) and 12(b)(6) on several grounds. First, Defendants argue that the Complaint fails because the doctrine of intra-military immunity bars all of Plaintiff's claims. Second, Defendants contend that the Eleventh Amendment largely bars Plaintiff's ADEA, NYSHRL, and NYCHRL claims. Third, Defendants argue that Plaintiff fails to state a Title VII claim. Plaintiff argues that his claims are reviewable and that his Complaint states a claim to relief. For the reasons that follow, the Court concludes that Plaintiff's claims are barred by intra-military immunity and the Eleventh Amendment, declines to reach the issue of whether the Complaint states a claim under Title VII (had Defendants not been immune), and dismisses the Complaint.

### I. Plaintiff's Deficient Submission

As a threshold issue, Defendants note that "Plaintiff's 184-page opposition to Defendants' motion far exceeds the 25-page limitation set forth in the Court's Individual Rules." Reply at 1 n.1. A district court may exercise its discretion in considering or rejecting submissions that do not comply with court rules. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."). The Court agrees that Plaintiff's lengthy opposition violates the Court's rules. *See* Individual R. 3(C). Moreover, Plaintiff's opposition lacks the required table of contents and table of authorities. It is also riddled with allegations not in the Complaint, and many of those allegations are seemingly irrelevant to the claims asserted. *See, e.g.*, Opp. at 5 (describing Plaintiff's family history during the 1930s and 1940s).

As a former attorney, Plaintiff's *pro se* status does not excuse the deficiencies in his submission. *See Zappin*, 2023 WL 2601578, at *8. Indeed, even for *pro se* litigants, courts

routinely dismiss pleadings that "are argumentative, disjointed and needlessly ramble," as Plaintiff's submission does here. *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 288 (S.D.N.Y. 2014) (citation omitted). Plaintiff is cautioned that failure to comply with the rules in the future may result in the rejection of his submission or sanctions. *See, e.g.*, *Testing Servs., N.A. v. Pennisi*, 443 F. Supp. 3d 303, 325 (E.D.N.Y. 2020) (considering brief despite non-compliance with rules, but warning that future non-compliance would result in sanctions); *Sgalambo v. McKenzie*, 739 F. Supp. 2d 453, 464 n.4 (S.D.N.Y. 2010) (considering submission that did not comply with the rules, but warning that future non-compliance would result in rejection of brief). However, even considering Plaintiff's opposition in full, the Court finds that the Complaint still fails for the reasons set forth below.

**II. Intra-Military Immunity**

All of Plaintiff's claims arise from his service as a member of the state militia, i.e., the Guard. *See generally* Compl. Federal courts have long recognized that "[t]he military constitutes a specialized community governed by a separate discipline from that of the civilian." *Doolen v. Wormuth*, 5 F.4th 125, 133 (2d Cir. 2021) (quoting *Chappell v. Wallace*, 462 U.S. 296, 301 (1983)). Courts therefore "must avoid unnecessary interference with state militias as well as the United States military" in suits by private litigants. *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 51, 54 (2d Cir. 1998). "The Supreme Court has repeatedly counseled that 'civilian courts must, at the very least, hesitate long before entertaining a suit which asks the court to tamper with the established relationship between enlisted military personnel and their superior officers.'" *Dibble v. Fenimore*, 339 F.3d 120, 125 (2d Cir. 2003) (quoting *Chappell*, 462 U.S. at 300) (alteration adopted).

The doctrine of intra-military immunity "bars a lawsuit if 'the injuries for which a plaintiff seeks to recover arise out of or are in the course of activity incident to the plaintiff's military service.'"  *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 88-89 (2d Cir. 2004) (quoting *Feres v. United States*, 340 U.S. 135, 146 (1950)) (alternations adopted). This doctrine protects internal personnel matters and shields from judicial review the "composition, training, and equipping and control of a military force."  *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973).  As a consequence, "many claims of employment discrimination brought by service personnel [are] non-justiciable," including claims brought under Title VII, the ADEA, and the New York human rights laws.  *Jones v. 106th Rescue Wing, Logistics Readiness Squadron*, 859 F. Supp. 2d 381, 385-86 (E.D.N.Y. 2012) (collecting cases); *see, e.g.*, *Martinez v. McCarthy*, 838 F. App'x 611, 612-3 (2d Cir. 2020) (applying intra-military immunity to bar Title VII and New York human rights law claims); *Baldwin v. United States Army*, 223 F.3d 100, 101 (2d Cir. 2000) (applying intra-military immunity to bar ADEA and Title VII claims).

There are limited exceptions to intra-military immunity.  *See Doolen*, 5 F.4th at 133-34 (quoting *Jones*, 166 F.3d at 52).  First, it does not apply to "facial challenges to the constitutionality of military regulations."  *Id.* at 133.  Second, it does not apply to claims that "the military has failed to follow its own mandatory regulations in a manner substantially prejudicing a service member."  *Id.* at 134 (quoting *Jones*, 166 F.3d at 52).  Absent an exception, claims to recover for injuries incident to military service must be dismissed from federal court for lack of jurisdiction.  *See Overton*, 373 F.3d at 93, 97.  The plaintiff "bears the burden of establishing" that such jurisdiction exists.  *Matthew v. United States*, 311 F. App'x 409, 411 (2d Cir. 2009) (affirming grant of motion to dismiss because intra-military immunity "preclude[d] plaintiffs from carrying their jurisdictional burden").

Intra-military immunity applies squarely to the facts alleged in this case. All of Plaintiff's claims "arise out of or are in the course of activity incident to" Plaintiff's position in the Guard. *Overton*, 373 F.3d at 88-89 (quoting *Feres*, 340 U.S. at 146). Plaintiff alleges that Defendants terminated his employment, provided him with terms and conditions of employment different from those of similar employees, retaliated against him, and/or harassed him or otherwise created a hostile work environment with respect to his "almost 20 years in the New York Guard." Compl. at 5-6, 8-9. These allegations are incident to Plaintiff's military service. *See, e.g.*, *Martinez*, 838 F. App'x at 612-13 (concluding that intra-military immunity barred "discrimination, harassment, and retaliation" claims arising from service in the military); *Jones*, 859 F. Supp. 2d at 386 (holding that "military personnel decisions . . . involve precisely the type of individualized questions that are prohibited from judicial review"). Indeed, Plaintiff does not raise any compelling argument that "his claims are not 'incident to military service,'" creating no dispute as to this issue. *Overton*, 373 F.3d at 93 (deeming employment claims incident to military service because the plaintiff "has not argued" otherwise).

The Court also finds that no exception to intra-military immunity applies. Plaintiff does not clearly set forth any basis for the first exception to apply – he does not plead any cognizable "facial challenges to the constitutionality of military regulations." *Doolen*, 5 F.4th at 133; *see generally* Compl.; Opp. Instead, Plaintiff appears to argue that the second exception applies because the Complaint alleges that Defendants violated their own procedures. *See, e.g.*, Opp. at 45. For example, Plaintiff states that "the New York Guard failed to follow its own procedures when it promoted three (3) officers in violation of NY Guard Directive 1305 (Promotions) from MAJ to LTC because they had not taken the pre-requisite FGOC/Field Grade Officers Course; and that two (2) of those same Officers were promoted from LTC to COL in

violation of NY Guard Directive 1305 (Promotions)." *Id*. (alterations made); *see also* Compl. at 10-11, 15-16.

However, Plaintiff does not allege facts sufficient to plead that the Guard "failed to follow its own mandatory regulations in a manner substantially prejudicing" Plaintiff. *Doolen*, 5 F.4th at 134 (quoting *Jones*, 166 F.3d at 52). First, to the extent Plaintiff's allegations are comprehensible, they are largely conclusory. Plaintiff must do more than simply state legal conclusions and recite the exceptions to the intra-military immunity doctrine to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Second, Plaintiff elsewhere states that "directive 1305," the procedure Plaintiff alleges was violated, "provides and authorizes . . . discretion & latitude to go beyond a rigid, stultified, reading of NYG DIR 1305" and authorizes "latitude & discretion" for purposes of promotions. Opp. at 168, 170, 171. Taken together, the allegations do not set forth intelligible facts that Defendants violated any mandatory regulation. *See, e.g.*, *Yarusso v. 106 Rescue Wing*, 511 F. App'x 13, 14 (2d Cir. 2013) (rejecting the plaintiff's argument that an exception to intra-military immunity applied because he failed to identify "any mandatory military regulation" that was violated). Courts will not review "discretionary decisions by military officials which are within their valid jurisdiction," like those alleged here. *Doolen*, 5 F.4th at 138 (quoting *Smith v. Resor*, 406 F.2d 141, 145 (2d Cir. 1969)). Finally, even if Plaintiff had adequately alleged Defendants' failure to follow a mandatory regulation, Plaintiff has not shown that he was "substantially prejudice[ed]" as a result. *Id.* at 134 (quoting *Jones*, 166 F.3d at 52).

Plaintiff's claims are similar to those dismissed in other cases on the basis of intra-military immunity. In *Martinez v. McCarthy*, the plaintiff asserted employment discrimination,

harassment, and retaliation claims brought under federal and state law, and alleged that other military personnel "failed her on a mandatory military test even when she passed, while they would pass her male counterparts, even when they failed." 838 Fed. App'x at 612-13.  The district court dismissed all of the plaintiff's claims "as barred by the doctrine of intra-military immunity." *Id.* at 612.  The Second Circuit affirmed, concluding that the "challenge[d] conduct . . . is integrally related to the military's unique structure" and "not purely civilian," and immunity therefore "bars her suit." *Id.*  So too here, Plaintiff's employment discrimination, harassment, and retaliation claims, including allegations that other military personnel were promoted while Plaintiff was not, are immune to judicial review.

Similarly, in *Jones v. 106th Rescue Wing, Logistics Readiness Squadron*, the plaintiff asserted employment claims based on his service in the New York Air National Guard.  859 F. Supp. 2d at 382.  The plaintiff alleged that military officials made personnel decisions on the basis of "personal bias, retaliation, and unlawful discrimination," and "prevented Plaintiff from obtaining promotions to which he was entitled and qualified." *Id.* at 384.  The district court found that the "military personnel decisions raise[d] by Plaintiff involve precisely the type of individualized questions that are prohibited" by intra-military immunity, and the court therefore dismissed the complaint in its entirety. *Id.* at 386.  The Court reaches the same conclusion in this case, where Plaintiff similarly complains of personnel determinations that would entail a particularized inquiry into the Guard's decision-making that this Court is barred from undertaking.  *See also Dibble*, 339 F. 3d at 128 (affirming dismissal of employment claims because undertaking "a particularized inquiry" would "insert the federal courts into military decision making in . . . an intrusive manner").

Accordingly, all of Plaintiff's claims are dismissed as barred by the doctrine of intra-military immunity. *See, e.g.*, *id.*; *Martinez*, 838 Fed. Appx. at 613 (affirming dismissal of employment claims as barred by the doctrine of intra-military immunity).

### III. Eleventh Amendment Immunity

Defendants argue that Plaintiff's ADEA, NYSHRL, and NYCHRL claims are also barred in federal court by the Eleventh Amendment. *See* Br. at 10-11. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal citation and quotation marks omitted). The immunity "extends beyond the states themselves to state agents . . . that are, effectively, arms of a state." *Id.* However, Eleventh Amendment immunity does not bar suits against a state official acting in their personal capacity, nor does it bar suits seeking prospective injunctive relief against a state official in their official capacity. *See Jones*, 166 F.3d at 49; *State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007).

Here, the Guard, DMNA, Governor, and Adjutant General are arms of New York State. *See, e.g.*, *Biro v. Cuomo*, No. 12-cv-06189 (DLI) (JMA), 2014 WL 1278083, at *4 (E.D.N.Y. Mar. 27, 2014) (concluding that the Guard, DMNA, Governor, and Adjutant General are arms of New York State for purposes of the Eleventh Amendment). Further, "[t]he Supreme Court has held that the ADEA does not abrogate the states' sovereign immunity, and the . . . NYCHRL, and the NYSHRL do not contain express statutory waivers of New York State's sovereign immunity." *Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 430 (S.D.N.Y. 2017) (internal citations omitted). Nor has New York waived its sovereign immunity. *See id.*

11

Accordingly, Plaintiff's ADEA, NYSHRL, and NYCHRL claims against the Guard, DMNA, and New York State are dismissed as barred by the Eleventh Amendment in federal court. Plaintiff's ADEA, NYSHRL, and NYCHRL claims against the Governor and Adjutant General in their official capacities are similarly barred by the Eleventh Amendment with respect to Plaintiff's claims for damages.[2]

*   *   *   *

In sum, the Court dismisses the Complaint under Rule 12(b)(1) as barred by intra-military immunity and the Eleventh Amendment.[3] Because the Court dismisses the Complaint under Rule 12(b)(1), it does not reach Defendants' additional arguments for dismissal under Rule 12(b)(6). *See Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019) (holding that courts should consider Rule 12(b)(1) challenges first because, if the complaint is dismissed on that basis, challenges under Rule 12(b)(6) need not be determined).

### IV. Leave to Amend

Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "[A] district court may properly deny leave when amendment would be futile." *Jones*, 166 F.3d at 50. To seek leave to amend, a plaintiff must at least "provide some indication of the substance of the contemplated amendment before a

---

[2] Plaintiff's ADEA, NYSHRL, and NYCHRL claims against the Governor and Adjutant General in their official capacities for prospective injunctive relief and in their personal capacities are not barred by the Eleventh Amendment, but they are still barred by intra-military immunity. *See supra* Discussion § II.

[3] To the extent Plaintiff asserts claims for retaliation, they are dismissed for the additional reason that Plaintiff withdrew or otherwise abandoned them in his opposition. *See* Opp. at 66, 70; *see, e.g.*, *Barkai v. Mendez*, 629 F. Supp. 3d 166, 190 (S.D.N.Y. 2022) (dismissing claims withdrawn or otherwise abandoned by the plaintiff).

12

court could entertain the request." *Mariah Re Ltd. v. Am. Family Mut. Ins. Co.*, 52 F. Supp. 3d 601, 624 (S.D.N.Y. 2014); *see TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint.").

Here, Plaintiff seeks leave to amend in his opposition. *See, e.g.*, Opp. at 28. However, Plaintiff does not indicate how the contemplated amendment would cure the deficiencies identified by Defendants and now the Court. The Court already granted Plaintiff, a former attorney, over four months to prepare and file his opposition, which totaled over 180 pages and set forth a substantial number of new allegations that the Court has considered despite not having been pleaded in the initial Complaint. On this record and in light of the reasons for dismissal set forth above, the Court finds that leave to amend is not warranted because it would be futile. *See, e.g.*, *Jones*, 166 F.3d at 50 (affirming denial of leave to amend "because Jones may not seek damages based on injuries suffered incident to service in the Guard, [so] Jones's proposed amended complaint would be subject to immediate dismissal"); *Asensio v. DiFiore*, No. 18-cv-10933 (RA), 2019 WL 4392743, at *9 (S.D.N.Y. Sept. 13, 2019) (denying *pro se* plaintiff leave to amend because amendment in light of the defendants' immunity would be futile).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Complaint is dismissed and Plaintiff's request for leave to amend to DENIED. The Clerk of Court is respectfully directed to mail a copy of this Opinion and Order to Plaintiff and CLOSE the case.

Dated: August 4, 2023
      New York, New York                              SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge